Good morning, Your Honors. James Link on behalf of Petitioner Say JBR LLC. The Supreme Court, in many cases but focusing on Jacob v. New York City, said the right to – the right of trial, a jury trial, in civil cases at common law is as basic and fundamental feature of our system of federal jurisprudence. So fundamental and sacred, the citizens should be jealously guarded or sacred to citizens that should be zealously guarded by the courts. The Interim Civil Rights Act is a codification of the common law that existed in California prior to the adoption of that act many, many years ago. The case of W. Shields, which we cited to the court, specifically states it's a matter of common law codification. The statute or the cause of action itself requires proof of harm. It requires proof of causally related harm in the sense that plaintiff must establish bona fide patronage, among other things. Plaintiff must establish either difficulty, discomfort, or embarrassment in order to even get to a claim for the statutory minimum penalty damages. And the statutory minimum penalty damages, as the court rightly said, is a penalty. And the U.S. Supreme Court in S.E.C. v. Jarkewski – I may be killing the name, but I believe it's Jarkewski – said that a civil penalty is in fact a jury trial issue. Even if there are no other actual damages that are required, although that's, as I said, in the briefing for another day. The issue here is, or it seems to be, from real party, is that this is inconvenient. It's only a $4,000 claim. But inconvenience is what, frankly, what constitutional rights are all about. It's inconvenient to the government to hold jury trials. But that inconvenience protects life, liberty, property. Somebody staying in business or being sued and losing their ability to do business because of a judgment. And one of the things that's forgotten here is this $4,000 over many, many cases that have been handled in California turns into $8,000, turns into $12,000, turns into $16,000 when courts allow additional visits to add up to the statutory minimum penalties. So we're not necessarily looking at, in all cases, some minor damage claim. And it's not justification to say a right to trial by jury should be denied simply because it's a small amount. Your Honors, I think we fully briefed this in our opening brief. I can ramble on about what you've already read. The issue of the statutory, you know, well, it's injunctive relief. It's a statutory cause of action. All of those things. I think we've addressed all of those things. I mean, if there are any questions. I do have a question for you. So we're looking at a two-part analysis, the first being whether there's an analog to common law, and then the second being whether the recovery would be in the nature of penalty. It seems that the second issue is more important. Could we find that there's a right to a jury trial even if there is no 18th century analog in England? Yes, Your Honor. I think that because it's a penalty, a civil penalty, the U.S. Supreme Court, like I say in the Jarkeski case or Jareski case, said that is an, if you will, that is an analog or a substitute analog for the common law. But, again, I go back and say that the W. Shields investigation case says this is a codification of the common law. There are damages that can be awarded for discrimination. And sooner or later, the courts are going to have to look at the breakdown of Civil Code Section 52. But Civil Code Section 52, when you look at the language of it, requires proof of actual harm. And actual harm, actual damages, is defined as general and special damages in Civil Code Section 51, I believe, H. So at some point in time, these are going to have to be analyzed. If you look at the Casey instructions, which I've noted in the brief, there again is the, very much the analysis that there has to be damages, there has to be approximately caused harm. Those, okay, I'm dancing around your question, Your Honor, but I believe what we have is even if it's a penalty, the Jareski, Jarkeski case says that's common law. If we, if there's something beyond the penalty, and there clearly is something beyond the penalty, we have a common law as court, as Your Honor uses the term analog, we have that analog because you have all of the incidents of a common law tort cause of action. If you will, duty breach of duty caused causally harm, approximately caused harm. I mean, that's the standard definition of a tort. So I danced around Your Honor's question, but I think it's both sides. Yes, penalty, and yes, there is an analog. Did you wish to reserve time? I will reserve if necessary. Okay. If it pleases the Court, Peter Christopher Stroedick on behalf of Rio Party and Interest, Teresa Brooke. Your Honors, we have no dog in this fight. I have no further argument. All right. Thank you, seeing no questions. Did you have any rebuttal? Thank you. Thank you. Thank you for a place in heaven reserved to people that give us time back. I notice, Mr. Link, you're from Pasadena. I am, Your Honor. Were you affected by the fires? No, thankfully not. It didn't get quite that far. We're more west than and more south. It's Altadena's above north of Pasadena, and unfortunately that was quite a bit devastating. Thank you. Thank you both for your arguments or lack of argument. This case is submitted, and we are adjourned for the week. Thank you. All rise.
judges: HAWKINS, CLIFTON, BADE